United States District Court
Southern District of Texas
FILED

OCT 02 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

UNTED STATES OF AMERICA §
§
v. § CRIMINAL NO. M-26-3157
§
RONALD LYNN KILBY §

## CRIMINAL INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

### THE CONSPIRACY

From on or about January 1, 2019, and continuing through March 25, 2026, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendant

**RONALD LYNN KILBY**

did knowingly combine, conspire, confederate, and agree with other persons known and unknown, to commit the following offenses:

(a) To engage in the business of betting or wagering and knowingly accepting, in connection with the participation of another person in unlawful internet gambling, an electronic fund transfer from or on behalf of such other person in violation of Title 31, United States Code, Section 5363(2); and

(b) To conduct, finance, manage, supervise, direct, or own all or part of an illegal gambling business in violation of Title 18, United States Code, Section 1955.

### MANNER AND MEANS

The manner and means of the conspiracy included, but were not limited to, the following:

(a) It was part of the conspiracy that Defendant **Ronald Lynn KILBY** (**"KILBY"**) and other co-conspirators would recruit bettors to place sports related bets on websites that

were maintained on servers outside the United States. Once recruited, **KILBY** would administratively assign the bettors a unique username and/or password. **KILBY** could also control the betting limits assigned to each bettor as well as view each bettor's bets, type of bet, and bet amounts. The website's features also informed **KILBY** of the amounts won or lost by each respective bettor.

(b) The website's transmission of betting lines and the subsequent receipt of bets from bettors within the United States occurred via internet transmissions in foreign commerce.

(c) In the event of a loss, bettors would pay **KILBY** through cash deliveries to **KILBY** and/or other co-conspirators, including deliveries to **KILBY's** business, Killer's Golf, in McAllen, Texas; check payments; and/or through mobile payment applications, such as Paypal or Venmo.

(d) **KILBY** and co-conspirators accepted at least $2,443,085.00 in electronic fund transfers, checks, and/or cash from bettors.

(e) **KILBY** retained at least $1,205,470.62 in net proceeds in connection with the gambling conspiracy.

**OVERT ACTS**

In furtherance of the conspiracy and in order to accomplish its objectives, the following overt acts, were committed in the McAllen Division of the Southern District of Texas and elsewhere:

(a) From or about January 1, 2019 through at least March 22, 2026, **KILBY** received electronic fund transfers totaling approximately $1,570,133.00 from at least 22 bettors

for their respective gambling related losses via electronic funds transfers to a Venmo and/or Paypal account operated, managed, and owned by **KILBY**.

All in violation of Title 18, United States Code, Section 371.

**NOTICE OF FORFEITURE**
**(28 USC § 2461, 18 U.S.C. § 981(a)(1)(C) incorporating 18 U.S.C. §§ 1956(c)(7), 1961(1))**

Pursuant to Title 18 United States Code Section 981(a)(1)(C) and Title 28 United States Code Section 2461, the United States gives notice to Defendant that upon conviction of the commission of a violation of Title 18, United States Code, Section 371 as charged in the Criminal Information, all property, real or personal, constituting or derived from, any proceeds traceable to a violation of a conspiracy to commit an offense constituting specified unlawful activity is subject to forfeiture, including up to $1,205,470.62 in net proceeds. The net proceeds includes $509,734.00 in United States currency seized from the Defendant in Hidalgo County, Texas by Homeland Security Investigations on or about March 25, 2026.

**Money Judgment**

Defendant is notified that upon conviction, a monetary judgment may be imposed equal to the total value of the property subject to forfeiture.

**Substitute Assets**

Defendant is notified that in the event that property subject to forfeiture, as a result of any act or omission of defendant,

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the total value of such property pursuant to Title 21, United States Code, Section 853(p), incorporated by reference in Title 28, United States Code, Section 2461(c).

AARON F. REITZ
UNITED STATES ATTORNEY

ASSISTANT UNITED STATES ATTORNEY